UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

01 JAN 12 AM 9: 27

U.S. ... ...
N D OF ALABAMA

| | | |
|---|---|---|
| HUSTON B. HARRIS, | ] | |
| Plaintiff(s), | ] | |
| vs. | ] | CV-00-N-3246-S |
| MARVIN L. STEWART, THE STEWART LAW GROUP, AND THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA, JUDGE ALWIN E. HORN, | ] | |
| Defendant(s). | ] | |

ENTERED
JAN 1 2 2001

## MEMORANDUM OF OPINION

### I. Introduction

The court has for consideration defendant Marvin Stewart's Motion to Dismiss [Doc. 6], plaintiff's Motion to Stay Complaint for Injunctive Relief [Doc. 7],[1] and defendant Judge Alwin E. Horn's Motion for Summary Judgment [Doc. 5]. The court has given careful consideration to the submissions of all of the parties. Upon due consideration, defendant Stewart's motion is **GRANTED** and defendant Horn's motion is **GRANTED**.

### II. Statement of Facts

Plaintiff brings this lawsuit "to obtain relief from violations of the United States Constitution under the Fifth (5) Amendment providing for due process, denied to Huston

---

[1] This motion restates the allegations in the complaint, and although the court does not directly address the motion in this order, the allegations raised in the complaint and motion are addressed here.



Harris by the lower court," fraud, and alleged malpractice by his former attorney Marvin Stewart ("Stewart"). The basis for plaintiff's claimed denial of due process is his belief that Judge Pointer previously ordered that the plaintiff was not required to pay Stewart attorney's fees. Plaintiff requests this court enter a judgment of $250,000, an injunction to stop the lower court from intervening in a federal matter, and an order disallowing Stewart from practicing law for four years (Compl. at 8).

This case is based on two prior lawsuits. The first lawsuit was brought by plaintiff, through his attorney Stewart, in federal court. In that case, Judge Pointer granted the defendant's motion for summary judgment, therefore finding against plaintiff. In the order entered by the court, "[c]osts (but not attorneys' fees) are taxed against the plaintiff." This forms the basis of the plaintiff's belief that he is not required to pay Stewart's fees.

Stewart later brought suit in state court to recover the attorney's fees owed him for representing plaintiff in the federal action. Plaintiff brought a counterclaim for legal malpractice. Judge Alwin E. Horn ("Horn"), judge in the circuit court for Jefferson county, was assigned the case styled *The Stewart Law Group, P.C. v. Huston Harris, et al.*, CV99-2620. After a non-jury trial, Judge Horn entered a judgment in favor of Stewart and against Harris in the amount of $31,809.61 plus costs. On Harris' counter-claim for legal malpractice, the judge entered judgment in favor of Stewart and against Harris.

### III.    Motion to Dismiss

Stewart alleges this lawsuit should be dismissed due to lack of subject matter jurisdiction. The motion is **GRANTED**. There is no diversity of citizenship because both plaintiff and Stewart are residents of the State of Alabama. As to federal question

jurisdiction, plaintiff has no cause of action against Stewart, a private citizen, under the Fifth Amendment. This court has no jurisdiction over this action.

## IV.   Motion for Summary Judgment

Horn argues that plaintiff can make no claim for money damages based on the Fifth Amendment. This is true. Moreover, Horn believes that if the plaintiff is making a claim under 42 U.S.C. § 1983,[2] the plaintiff's claim still fails. Horn argues that whether the plaintiff is suing Horn in his individual or official capacity, there is no basis for plaintiff's claims.

If the plaintiff is suing Horn in his official capacity, the plaintiff is essentially suing the State of Alabama. The Supreme Court has held that states are not persons under section 1983.

> "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and, "as such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (holding in a damages action that neither a state nor its officials acting in their official capacities are "persons" subject to suit under section 1983).

*Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). Plaintiff cannot bring a suit via section 1983 against Horn in his official capacity.

If the plaintiff is suing Horn in his individual capacity, Horn is immune under the doctrine of judicial immunity.

> The Supreme Court has set forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under section 1983. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity. Id. at 362, 98 S. Ct. at 1107. If the judge was not dealing

---

[2] The Court has an obligation to construe pro se pleadings liberally. *Brown v. Sikes*, 212 F.3d 1205, 1209 (11th Cir. 2000).

3

with the plaintiff in a judicial capacity, then there is no immunity. If the judge was dealing with the plaintiff in his judicial capacity, however, the second part of the test is whether the judge acted in the " "clear absence of all jurisdiction.' " *Id.* at 357, 98 S. Ct. at 1105 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1872).

*Simmons*, 86 F.3d at 1084-85. In this case, Judge Horn dealt with the plaintiff in his judicial capacity and clearly had jurisdiction over the case. Horn's Motion for Summary Judgment is **GRANTED**.

V.     **Plaintiff's Complaint**

Plaintiff seems to base much of this lawsuit on the order issued by Judge Pointer. The language used by Judge Pointer in his order is used frequently by all federal judges. Often, a court will tax the "losing" party with the costs expended by the "winning" party in bring the case. In some situations, depending upon whether the law allows for it, the court will order the "losing" party to pay the attorneys fees of the "winning" party. In taxing the costs but not attorneys fees against the plaintiff, Judge Pointer was ordering the plaintiff to pay the costs of the defendants, but specified that the plaintiff not have to pay the attorney's fees of the *defendants*. Judge Pointer's order did not address the attorneys fees owed by the plaintiff to Stewart.

Plaintiff also attempts to revive his malpractice claim against Stuart in this lawsuit. The purpose of this court is not to review the judgments of state courts. Additionally, this court cannot hear state law claims without proper jurisdiction; no such jurisdiction exists in this case.

4

## VI.   Conclusion

As the court has granted defendant Horn's motion and defendant Stewart's motion, this case is hereby closed.

Done, this **11th** of January, 2001.

                                                                 _____
                                                                 EDWIN L. NELSON
                                                                 UNITED STATES DISTRICT JUDGE